UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULF COAST VACATION PROPERTIES, LLC,

    Plaintiff,

v.                                                   Case No.  8:19-cv-2470-T-24 TGW

GULFSTREAM PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss for Improper Venue.  (Doc. No. 12).  Plaintiff opposes the motion.  (Doc. No. 13).  As explained below, the Court agrees with Defendant that this case was not filed in the proper venue.

**I.  Background**

Plaintiff Gulf Coast Vacation Properties, LLC alleges the following in its complaint (Doc. No. 1): Defendant Gulfstream Property & Casualty Insurance Company issued a flood insurance policy to Plaintiff for its premises located in Port Saint Joe, Florida.  The flood insurance policy is governed by the National Flood Insurance Act of 1968.

In October of 2018 while the flood insurance policy was in place, Plaintiff suffered a total loss of the insured premises due to Hurricane Michael.  Plaintiff reported the loss to Defendant and submitted a claim for the damage.  Defendant inspected the property to evaluate the amount of damage and tendered payment to Plaintiff.  Plaintiff contends that the amount Defendant

tendered was not sufficient to compensate Plaintiff for its loss, so Plaintiff filed this lawsuit for breach of the insurance contract.

## II. Standard of Review

Defendant contends that this case should be dismissed because it was filed in an improper venue. In analyzing the motion, the Court applies the following standard of review:

> When an action is commenced in an improper venue, this Court must dismiss the action, or in the interest of justice, transfer the matter to a district in which the action could have properly been brought. 28 U.S.C. § 1406(a). When considering a motion to dismiss for improper venue, the court must accept all allegations in the complaint as true, unless contradicted by the defendant's affidavits. . . . The court . . . draws all reasonable inferences in favor of the plaintiff. On a motion to dismiss for improper venue, the plaintiff has the burden of showing that venue in the forum is proper.

Sfera Jet LLC v. IBX Jets, LLC, 2017 WL 1293771, at *1 (S.D. Fla. Feb. 3, 2017)(internal citations omitted).

## III. National Flood Insurance Act

The insurance policy at issue in this case is governed by the National Flood Insurance Act of 1968 ("NFIA"). Therefore, before the Court analyzes the motion to dismiss, it must first explain how the NFIA affects this case. As explained by one court:

> [The National Flood Insurance Program ("NFIP")] is a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ("FEMA") pursuant to the NFIA and its corresponding regulations. . . . In 1983, pursuant to regulatory authority granted by Congress in 42 U.S.C. § 4081(a), FEMA created the "Write Your Own" ("WYO") program. *See* 44 C.F.R. §§ 62.23–.24. Under this program, private insurance companies [WYO companies] . . . write their own insurance policies. 44 C.F.R. § 62.23. . . . [R]egardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims.

> Although WYO companies have the responsibility of defending against claims, FEMA reimburses the WYO companies for their defense costs. WYO companies are fiscal agents of the United States. However, WYO companies are not general agents of the federal government. FEMA fixes the terms and conditions of the flood insurance policies, which, barring the express written consent of the Federal Insurance Administrator, must be issued without alteration as a Standard Flood Insurance Policy ("SFIP").

Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165–66 (3d Cir. 1998)(internal citations omitted).

Thus, the NFIP is carried out pursuant to the authority set forth in 42 U.S.C. § 4071(a), which allows the FEMA Administrator to use private WYO insurance companies to provide flood insurance. Furthermore, 42 U.S.C. § 4072 provides the following regarding judicial review of claim decisions:

> [T]he Administrator [of FEMA[1]] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, *may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated*, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added).

---

[1] Pursuant to 42 U.S.C. § 4121(a)(6), the term "Administrator" means the Administrator of FEMA.

## IV.  Motion to Dismiss for Improper Venue

Defendant argues that this case is subject to dismissal for improper venue, because Plaintiff did not file this suit "in the United States district court for the district in which the insured property . . . [is] situated." The insured property is located in Port Saint Joe, which is within the Northern District of Florida, Panama City Division.  Plaintiff opposes this motion, arguing that this is not a case naming the FEMA Administrator as the defendant, and as such, the venue provision set forth in § 4072 does not apply.  Accordingly, the issue in this case is whether the venue provision set forth in § 4072 applies in cases in which the insured seeks judicial review of a private WYO insurance company's claim decision and names the WYO insurance company, rather than the FEMA Administrator, as the defendant.

In 2001, the Eleventh Circuit was faced with the issue of whether the district court had subject matter jurisdiction over an insured's breach of contract claim against a WYO private insurer.  See Newton v. Capital Assurance Co., Inc., 245 F.3d 1306, 1308-09 (11th Cir. 2001). The appellate court found that federal question subject matter jurisdiction existed over the case, because the complaint contained a claim for breach of a Standard Flood Insurance Policy, which is interpreted using principles of federal common law.  See id. at 1309.  The appellate court found that it did not need to address whether § 4072 provided another basis for subject matter jurisdiction, stating the following:

> This leaves us only to question whether 42 U.S.C. § 4072, the provision for suits against FEMA under the NFIP as currently implemented, affects our jurisdiction. On its face, § 4072 provides only for suits against FEMA. It does not discuss the WYO program, and we therefore do not read it as addressing suits against WYO companies. It does not, therefore, abrogate § 1331 [federal question] jurisdiction.  We need not consider the opposite question: whether it provides an additional basis for jurisdiction against WYO

4

>   companies, see Van Holt, 163 F.3d at 165–66 (finding WYO
>   companies subject to jurisdiction under § 4072 (as well as § 1331)
>   because a suit against a WYO company is the "functional
>   equivalent" of a suit against FEMA), because our conclusion
>   regarding jurisdiction under § 1331 is sufficient to answer the
>   jurisdictional question we raise.

Id. (internal citation omitted).  Thus, while the Newton court stated that it did not read § 4072 as addressing suits against WYO insurance companies, it did not foreclose the possibility that it could be construed to cover such claims.

However, the Newton court could not have considered the current version of 44 C.F.R. § 62.22(a),[2] which provides the following:

>   [U]pon the refusal of the claimant to accept the amount allowed
>   upon any claim after appraisal pursuant to policy provisions, the
>   claimant within one year after the date of mailing by . . . the
>   participating Write–Your–Own Company . . of the notice of
>   disallowance or partial disallowance of the claim ***may, pursuant to
>   42 U.S.C. 4072, institute an action on such claim against the
>   insurer only in the U.S. District Court for the district in which the
>   insured property or the major portion thereof shall have been
>   situated***, without regard to the amount in controversy.

44 C.F.R. § 62.22(a)(emphasis added).  Based on this regulation, it appears to this Court that venue for Plaintiff's claim is that set forth in § 4072—the district in which the insured property is located.  Another court outside of the Eleventh Circuit that considered the issue of the proper venue for claims against a WYO insurance company also concluded that the venue provision in § 4072 controls.  See Iwachiw v. Travelers, 2014 WL 4631360, at *1 (S.D.N.Y. Sept. 16, 2014).

Also, while not raised by the parties, this Court notes that the flood insurance policy attached to the complaint specifically provides the following: "If you [the insured] do sue, . . .

---

[2] The relevant amendment to this regulation occurred on July 30, 2004.  See 69 FR 45607-01; 2004 WL 1696922.

5

you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." (Doc. No. 1, p. 40, 59). Thus, the insurance policy at issue specifically tracks § 4072 and dictates that this lawsuit should have been filed in the Northern District of Florida.

Pursuant to 28 U.S.C. § 1406(a), this Court may dismiss this case, "or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been brought." As the case should have been brought in the Northern District of Florida, the Court will transfer the case there.

### V.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss for Improper Venue (Doc. No. 12) is **GRANTED** to the extent that the Court agrees that this case should have been filed in the United States District Court for the Northern District of Florida, Panama City Division. Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Northern District of Florida, Panama City Division and then to close this case.

DONE AND ORDERED at Tampa, Florida, this 14th day of January, 2020.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6